UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREETINDER K HUNDAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>EAGLE VISTA EQUITIES LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-01287-WHO<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 38, 39, 41 |

## INTRODUCTION

Plaintiffs Preetinder and Nishan Hundal ("the Hundals") bring this action against defendants PLM Loan Management Services, Inc. ("PLM"), Alice Glazer as Trustee of the Glazer Living Trust dated 12/30/87 (the "Glazer Living Trust"), and Eagle Vista Equities, LLC ("Eagle Vista"). In 2006, the Hundals obtained a mortgage loan secured by a deed of trust on their residence. Through assignment and substitution, the Glazer Living Trust became the beneficiary under the deed of trust, and PLM the trustee. After the Hundals defaulted, PLM conducted a trustee's sale at which Eagle Vista purchased the property. The Hundals now bring wrongful foreclosure and related claims against PLM, Glazer,[1] and Eagle Vista.

I previously granted PLM and Eagle Vista's motions to dismiss the Hundals' first amended complaint ("FAC"). Dkt. No. 36 ("Prior Order"). PLM, Glazer, and Eagle Vista now move to dismiss the Hundals' second amended complaint ("SAC"). While most of the Hundals' claims are deficient for the same or similar reasons as those stated in the Prior Order, their breach of contract cause of action against Glazer may proceed. PLM and Eagle Vista's motions to dismiss are GRANTED, and Glazer's motion to dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] All references to Glazer in this Order are to her in her capacity as trustee of the Glazer Living Trust.

**BACKGROUND**

On October 20, 2003, the Hundals borrowed $450,000 from Argent Mortgage Company, LLC and secured the transaction with a deed of trust ("First DOT") against their residence (the "Property"). SAC ¶ 2 (Dkt. No. 37). On March 8, 2006, the Hundals borrowed an additional $165,000 and again secured the transaction with a deed of trust ("Second DOT") against the Property. *Id.* ¶ 3; PLM RJN Ex. 2 (Dkt. No. 40).[2] The Second DOT was recorded on March 21, 2006. Second DOT at p.1. The Hundals allege that they borrowed the $165,000 from "Associated Real Estate Advisors, a Partnership" ("AREA"). SAC ¶ 3. AREA is identified as the trustee in the Second DOT, but it is not identified as the beneficiary or lender. *See* Second DOT at p.1. According to the Second DOT, the beneficiary and lender was Bank of the West as Trustee for the Donald A. Glazer IRA ("Bank of the West"). *See id.* at p.1, Ex. A. Specifically, in the space for the identity of the beneficiary and lender, the Second DOT states, "SEE ATTACHED EXHIBIT A," and the attached "EXHIBIT A" states in whole:

> Bank of the West as Trustee for the
> Donald A. Glazer IRA
>
> C/O Oak Financial Services
> P.O. Box 3687
> Saratoga, CA 95070

*Id.* at p.1, Ex. A. In addition to claiming that they borrowed the $165,000 from AREA, the Hundals allege that "the lender [under the Second DOT] is Oak Financial Services since this is the firm to [which] they made their monthly payments on the loan." SAC ¶ 3; *see also id.* ¶ 7.

---

[2] PLM's, Glazer's, and Eagle Vista's requests for judicial notice, Dkt. Nos. 38-1, 40, 42, are GRANTED. The Hundals' objections to the requests for judicial notice, Dkt. No. 47, are OVERRULED. *See* Prior Order at 5-6 (discussing the Hundals' objections to PLM's previous request for judicial notice).

On January 24, 2008, Bank of the West executed a Substitution of Trustee substituting PLM in place of AREA as the trustee under the Second DOT. SAC ¶ 7; PLM RJN Ex. 3 (Dkt. No. 40). The Substitution of Trustee was recorded on February 4, 2008.[3] PLM RJN Ex. 3.

On May 25, 2012, Bank of the West executed an Assignment of Deed of Trust transferring all beneficial interest in the Second DOT from Bank of the West to Glazer. SAC ¶ 5; PLM RJN Ex. 4 (Dkt. No. 40). The Assignment of Deed of Trust was recorded on June 4, 2012. PLM RJN Ex. 4.

The Hundals defaulted on their obligations under the Second DOT, *see, e.g.,* SAC ¶ 10,[4] and on January 21, 2015, PLM caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust, PLM RJN Ex. 5 (Dkt. No. 40). Then, on April 24, 2015, PLM caused to be recorded a Notice of Trustee's Sale identifying the "[a]mount of unpaid balance and other charges" as $373,147.98 and setting the trustee's sale for May 20, 2015. PLM RJN Ex. 6 (Dkt. No. 40).

The Hundals filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. SAC ¶ 12. On July 31, 2015, the Bankruptcy Court granted Glazer's Motion for Relief From the Automatic Stay, finding that the Hundals' bankruptcy petition was part of a scheme to hinder, delay, or defraud

---

[3] On December 22, 2014, Glazer executed another Substitution of Trustee, again substituting PLM in place of AREA as the trustee under the Second Deed of Trust. Eagle Vista RJN Ex. E (Dkt. No. 38-1). This Substitution of Trustee was recorded on January 21, 2015. *Id.* As in the prior round of briefing, the parties do not address the significance, if any, of there being two different substitutions of PLM in place of AREA.

[4] At one point in the SAC, the Hundals state that if their payments under the Second DOT to Oak Financial Services "had been properly credited [towards the loan], the payments would have been current." SAC ¶ 4. The Hundals do not elaborate on this allegation in the SAC or their briefing, and it is unclear whether they mean to allege that they did not default under the Second DOT; elsewhere in the SAC, they allege that they did. *See, e.g.,* SAC ¶ 10. The Hundals also allege that when PLM became the trustee under the Second DOT, they "were in default on the provisions of the [Second DOT] that required [that] all senior lie[n] payments be current," but that they "had secured approval for a loan modification from the servicer on the [First DOT]." *Id.* ¶ 10. They state that they notified PLM of this loan modification, but that PLM "refused to acknowledge the correspondence . . . or to rescind the Notice of Default." *Id.* However, the Hundals continue to focus on the alleged mis-appointment of PLM as trustee and the alleged mis-assignment to Glazer as beneficiary as the basis for their wrongful foreclosure claim, and it is unclear whether they mean to rely on the alleged loan modification in support of that claim.

3

creditors and permitting Glazer "to exercise her lawful remedies and lien rights under applicable non-bankruptcy law as to [the Property]." PLM RJN Ex. 7 (Dkt. No. 40).

Eagle Vista subsequently purchased the Property at the trustee's sale for $640,100. PLM RJN Ex. 8 (Dkt. No. 40) ("Trustee's Deed Upon Sale"). PLM remitted $440,784.86 to Glazer and allotted $704.55 to the documentary transfer tax, leaving a surplus of $198,610.59. *See* SAC ¶ 16; PLM RJN Ex. 8. When the Hundals filed their FAC, PLM had not yet paid them the surplus funds. *See* Prior Order at 3. According to the SAC, PLM has now done so. The Hundals allege, "Prior to this lawsuit being filed, PLM offered to pay plaintiffs $198,610.59 if and only if plaintiffs gave up their claims to the balance of the money received by PLM as well as all other claims against PLM. After the Joint Case Management Statement was filed, PLM agreed to waive this condition and [paid] plaintiffs $198,610.59." SAC ¶ 16.

The Hundals filed this action on December 8, 2015 in the Superior Court of California for the County of Alameda. Dkt. No. 1. They filed their FAC on February 19, 2016. *Id.* The FAC brought six causes of action against defendants: (1) wrongful foreclosure against all defendants, FAC ¶¶ 13-17; (2) breach of fiduciary duty against PLM and Glazer, *id.* ¶¶ 18-20; (3) violation of the Fair Debt Collection Practices Act ("FDCPA") against PLM and Glazer, *id.* ¶¶ 21-27; (4) breach of contract against PLM and Glazer; (5) dual tracking against PLM and Glazer, *id.* ¶¶ 32-35; and (6) violations of California's Rosenthal Act against PLM and Glazer, *id.* ¶¶ 36-37.

On March 16, 2016, PLM removed the case to federal court, asserting federal question jurisdiction on the basis of the FDCPA cause of action. Notice of Removal ¶ 2 (Dkt. No. 1). On March 23, 2016, PLM and Eagle Vista moved to dismiss. Dkt. Nos 6, 8. On May 20, 2016, I issued the Prior Order, granting PLM and Eagle Vista's motions to dismiss, and on June 3, 2016, the Hundals filed the SAC. Dkt. Nos. 36, 37. Defendants filed their motions to dismiss the SAC shortly thereafter. I heard argument from the parties on August 31, 2016. Dkt. No. 52.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests,"

1  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marines Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). A court may "reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013)

## DISCUSSION

The SAC brings six causes of action: (1) wrongful foreclosure against all defendants, SAC ¶¶ 20-23; (2) "breach of state law duties" against PLM and Glazer, *id.* ¶¶ 24-26; (3) violation of various provisions of the FDCPA against PLM and Glazer, *id.* ¶¶ 27-33;[5] (4) breach of contract

---

[5] Specifically, the Hundals bring FDCPA claims under 15 U.S.C. § 1692g(a) (for failure to send a debt validation notice), 15 U.S.C. § 1692g(b) (for failure to verify a disputed debt), and 15 U.S.C. § 1692f(1), (6) (for "us[ing] unfair or unconscionable means to collect or attempt to collect [a] debt," specifically, by attempting to "collec[t] [an] amount [not] expressly authorized by the agreement creating the debt or authorized by law," and by "[t]aking . . . nonjudicial action to effect dispossession . . . of property [where] there is no present right to possession of the property claimed as collateral through an enforceable security interest").

against Glazer, *id.* ¶¶ 34-37; (5) dual tracking against PLM and Glazer, *id.* ¶¶ 38-40; and (6) violations of California's Rosenthal Act against PLM and Glazer, *id.* ¶¶ 41-42. I address each in turn.

**I.      WRONGFUL FORECLOSURE**

Under their wrongful foreclosure cause of action, the Hundals state that they seek cancellation of the Trustee's Deed Upon Sale and reinstatement of their title in the Property. SAC ¶ 23. "[T]he elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). Circumstances where a plaintiff may be excused from tendering include when "(1) the underlying debt is void, (2) the foreclosure sale or trustee's deed is void on its face, (3) a counterclaim offsets the amount due, (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale, or (5) the foreclosure sale has not yet occurred." *Chavez v. Indymac Mortgage Servs.*, 219 Cal. App. 4th 1052, 1062 (2013).

In the Prior Order, I dismissed the Hundals' wrongful foreclosure cause of action because it was "based on the theory that PLM was never lawfully appointed trustee under the Second DOT and thus lacked the authority to conduct the trustee's sale," but "the judicially noticeable documents in th[e] case establish[ed] that Bank of the West *did* appoint PLM as trustee under the Second DOT." Prior Order at 5-7.

As alleged in the SAC, the Hundals' wrongful foreclosure cause of action is based on three theories. First, the Hundals assert, as they did in the FAC, that the trustee's sale was void because PLM was never lawfully appointed trustee under the Second DOT and thus lacked the authority to conduct the trustee's sale. SAC ¶ 20. According to the Hundals, only Oak Financial Services (and not Bank of the West) had the power to substitute a new trustee. *Id.* Second, and similarly, the Hundals assert that the Donald A. Glazer IRA never conveyed its interest in the Second DOT

6

to Glazer, meaning that Glazer "never had the lawful authority to appoint PLM or any other entity as trustee on the [Second DOT]." *Id.* ¶ 21. Third, the Hundals assert that even if PLM was lawfully appointed trustee under the Second DOT, the trustee's sale was void because of PLM's alleged FDCPA violations. *Id.* ¶ 22.

The Hundals' first wrongful foreclosure theory is essentially identical to the theory I addressed and rejected in the Prior Order, and the Hundals' have not identified any convincing basis for reaching a different conclusion here. Their second wrongful foreclosure theory likewise fails because the judicially noticeable documents in this case show that the Donald A. Glazer IRA *did* covey its interest in the Second DOT to Glazer. *See, e.g.,* PLM RJN Ex. 4. The Hundals have not plausibly alleged any defect in that assignment.

The Hundals' third theory, regarding PLM's alleged FDCPA violations, comes closer to the mark, in particular given that PLM does not dispute that the Hundals have adequately pleaded that it committed the alleged FDCPA violations. The theory still falls short, however, for at least two reasons. First, the Hundals do not dispute that they have not complied with the tender requirement, and they have not adequately established that they are excused from doing so. The Hundals argue in their opposition brief that they are excused from tendering because the trustee's sale is facially void, but their only apparent grounds for characterizing the trustee's sale as facially void are the alleged mis-appointment of PLM as trustee and the alleged mis-assignment to Glazer as beneficiary. *See* Oppo. to PLM & Glazer at 22-23 (Dkt. No. 45). As discussed above and in the Prior Order, neither of those theories has merit. The Hundals also assert without explanation that other exceptions to the tender requirement also apply, but they do not explain what those exceptions are or why they should apply here. *See id.* In particular given PLM's alleged FDCPA violations, the Hundals may be able to establish that tender is not required here, but they must at the very least present a coherent argument to that effect. On this record, their failure to adequately allege tender precludes their wrongful foreclosure cause of action.

Second, the facts alleged in the SAC fail to plausibly establish that Eagle Vista is not a bona fide purchaser ("BFP"). "[A] purchaser at foreclosure is a BFP if he or she (1) purchases the property in good faith and for value, and (2) has no knowledge or notice of the asserted rights

7

claimed by another." *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1254 (2005); *accord Solomon v. Aurora Loan Servs., LLC*, No. 12-cv-00209, 2012 WL 4747151, at *5 (E.D. Cal. Oct. 3, 2012); *Singh v. Wells Fargo Bank*, No. 10-cv-1659, 2012 WL 691705, at *8 (E.D. Cal. Mar. 2, 2012); *Countrywide Home Loans, Inc. v. United States*, No. 02-cv-06405, 2007 WL 87827, at *9 (E.D. Cal. Jan. 9, 2007); *United States v. Countrywide Home Loans, Inc.*, 408 Fed. Appx. 3, 5 (9th Cir. 2010). The Hundals argue that Eagle Vista does not qualify as a BFP because it was on notice that "PLM was probably not validly appointed as the substitute trustee." Oppo. to Eagle Vista at 10 (Dkt. No. 46). As discussed above and in the Prior Order, however, the Hundals have not plausibly established that PLM was not the validly appointed trustee. Nor have they identified any other basis from which to plausibly infer that Eagle Vista is not entitled to BFP status.

"[A]s a general rule, a trustor has no right to set aside a trustee's deed as against a bona fide purchaser for value by attacking the validity of the sale." *Moeller v. Lien*, 25 Cal. App. 4th 822, 831 (1994); *see also Melendrez*, 127 Cal. App. 4th at 1258. While there are exceptions to this general rule, *see, e.g.,* Miller & Starr, 5 Cal. Real Est. §§ 13:254, 13:255 (4th ed.); *Melendrez*, 127 Cal. App. 4th at 1256-57, the Hundals have not articulated any plausible basis for concluding that any exception applies here. Nor do they allege a damages theory of wrongful foreclosure or discuss one in their briefing. *See Moeller*, 25 Cal. App. 4th at 832 ("Where the trustor is precluded from suing to set aside the foreclosure sale, the trustor may recover damages from the trustee."); *see also Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal. App. 4th 394, 408-09 (2015) (setting out "the basic elements of a tort cause of action for wrongful foreclosure"); *accord Majd v. Bank of Am., N.A.*, 243 Cal. App. 4th 1293, 1306-07 (2015).

Accordingly, defendants' motions to dismiss the first cause of action are GRANTED.

## II. "BREACH OF STATE LAW DUTIES"

This cause of action is based on the theory that PLM had an unidentified "state law duty" to interplead the entirety of the $640,100.00 rather than pay $440,784.86 to Glazer. *See* SAC ¶¶ 24-26. The Hundals previously used this theory as the basis for their breach of fiduciary cause of action, and I rejected it in the Prior Order on the ground that the Hundals "ha[d] not identified anything in the Second DOT or governing statutes that required PLM to interplead the entirety of

8

1  the $640,100." Prior Order at 7. The Hundals again cite no authority indicating that PLM was

2  required to interplead the entirety of the $640,100. Nor do they identify any basis for holding

3  Glazer liable under this theory – Glazer is not alleged to have been in possession of the entirety of

4  the $640,100.00 at any time, or to have otherwise been in a position to interplead that amount.

5  PLM's and Glazer's motions to dismiss the second cause of action are GRANTED.

## III. VIOLATIONS OF THE FDCPA

Only Glazer moves to dismiss the FDCPA cause of action. *See* Glazer Mot. at 10-11 (Dkt. No. 41); PLM Reply at 4-5 (Dkt. No. 48). She contends that she is not a debt collector under the FDCPA, and that the FDCPA does not apply to nonjudicial foreclosure proceedings. Glazer Mot. at 10-11. The FDCPA defines "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA explicitly excludes from its definition of "debt collector"

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

The Hundals have not adequately alleged that either Glazer or the Glazer Living Trust is a "debt collector" under the FDCPA. They include a conclusory allegation in the SAC that "the principal purpose of [Glazer's business] is to collect on debts in default such as the [Second DOT]," SAC ¶ 28, but they allege no facts to support that assertion. This is insufficient. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) ("The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of [defendant's] business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to [plaintiffs], establishes only that debt collection is some part of [defendant's] business, which is insufficient to state a claim under the FDCPA."); *see also*

1  *Amelina v. Manufacturers & Traders Trust Co.*, No. 14-cv-01906, 2015 WL 1138345, at *7 (S.D.
2  Cal. Mar. 12, 2015) (dismissing FDCPA claims for "fail[ure] to allege factual content that allows
3  the court to draw the reasonable inference that defendants are 'debt collectors'") (some internal
4  quotation marks omitted); *Arostegui v. Bank of Am.*, No. 13-cv-06009-PJH, 2014 WL 1230762, at
5  *6 (N.D. Cal. Mar. 21, 2014).[6]  Accordingly, Glazer's motion to dismiss the third cause of action
6  is GRANTED.

## IV.  BREACH OF CONTRACT

The elements of a claim for breach of contract under California law are: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

The Hundals allege in the SAC that Glazer breached the Second DOT by (1) "wrongfully causing a Notice of Default to be recorded [and] the property to be sold by an entity that was not lawfully appointed as the trustee;" (2) failing to "promptly refund plaintiffs all funds [Glazer] received in excess of the unpaid . . . balance of principal and interest;" and (3) "add[ing] substantial charges not authorized by law to the actual amount of default," specifically, by charging "grossly excessive" attorney's fees "related to securing relief from stay in the bankruptcy court," and by improperly charging both these attorney's fees and trustee's fees, instead of just one sort of fees or the other.  SAC ¶¶ 34-36.  In their opposition brief, the Hundals appear to abandon their first theory of breach and address only the second and third, stating that Glazer's "demand and retention of more than double the actual debt is an obvious breach of contract."  Oppo. to PLM & Glazer at 23; *see also id.* at 14-16.

The Hundals do not dispute that paragraph 7 of the Second DOT authorized Glazer to charge the Hundals with attorney's fees incurred in protecting her interest in the Second DOT. *See* Oppo. to PLM & Glazer at 14-16; *see also* Second DOT ¶ 7.  The Hundals rely instead on

---

[6] Because I grant Glazer's motion to dismiss the third cause of action on this ground, I do not address the parties' dispute over whether the FDCPA applies to nonjudicial foreclosure proceedings.

10

California Civil Code sections 2924c(d) and 2924d, both of which relate to the charging of certain attorney's and trustee's fees against mortgagors and trustors. The Hundals assert that these statutes set a maximum limit on the amount of attorney's fees Glazer could charge, and also prohibited the charging of both attorney's fees and trustee's fees. Oppo. to PLM & Glazer at 14-16.

The Hundals have not shown that sections 2924c(d) and 2924d set a maximum limit on the amount of attorney's fees Glazer could charge. The one relevant case cited by the parties on this issue rejects the same argument the Hundals make here:

> Plaintiffs assert that . . . section 2924d provides a maximum amount which may be charged as trustee's or attorney's fees upon a trustee's sale of the property. We disagree. That section provides amounts which may be claimed as reasonable costs and expenses of foreclosing upon the property, it does not serve to define or limit the contractual obligation of the parties. This is the holding of the decision in [*Buck v. Barb*, 147 Cal. App. 3d 920 (1983)]. There the plaintiff defaulted on her obligation and as a result the defendant . . . was obliged to employ an attorney to protect her security interest. The Court of Appeal held that the defendant could claim those additional expenses from the plaintiff. They were like any collateral advances made by the beneficiary which, pursuant to the deed of trust, could be added to the claim.

*Passanisi v. Merit-Mcbride Realtors, Inc.*, 190 Cal. App. 3d 1496, 1512 n.10 (1987); *see also Buck*, 147 Cal. App. 3d at 925 ("If the beneficiary has incurred additional attorney's fees for other services related to the deed of trust that are recoverable under the deed of trust, he may also be entitled to recover them from the trustor as a condition of reinstatement, if they are included in the notice of default . . . In this instance, previously incurred attorney's fees are like any collateral advances made by the beneficiary, which may be added to his claim.") (internal quotation marks omitted).

The Hundals cite no contrary authority. They one case they do cite, *167 E. William, LLC v. Devine Blessings*, No. 04-00164, 2016 WL 2761054 (Cal. Ct. App. May 10, 2016), is an unpublished California Court of Appeal decision that does not address what attorney's fees can or cannot be charged under sections 2924d and 2924(c). The Hundals likewise fail to cite any authority to support their contention that charging both attorney's fees and trustee's fees is per se

11

1   illegal under California's framework for nonjudicial foreclosure. *See* Oppo. to PLM & Glazer at
2   14-16.
3       On the other hand, Glazer cites no authority indicating that the attorney's fees she
4   allegedly charged the Hundals are presumptively legal. Sections 2924c(d) and 2924d both provide
5   that "[a]ny charge for trustee's or attorney's fees authorized by this subdivision shall be
6   conclusively presumed to be lawful and valid *where the charge does not exceed the amounts*
7   *authorized herein*." Cal. Civ. Code §§ 2924c(d), 2924d(a), (b), (d) (emphasis added). Here,
8   however, the Hundals assert that they were charged fees greater than those authorized by the
9   statutory scheme. In the absence of any authority indicating that such fees are presumptively
10  legal, I agree with the Hundals that this issue should not be resolved at this juncture. Glazer's
11  motion to dismiss the fourth cause of action is DENIED.

## V. DUAL TRACKING

    In the Prior Order, I observed that the Hundals had not addressed their dual tracking cause of action at all in their opposition brief. Prior Order at 10. I stated, "Given the general state of the Hundals' FAC and opposition brief, I read this as an implicit concession that the cause of action is defective as pleaded." *Id.* The Hundals again fail to address their dual tracking claim at all in their briefing. I again read this as a concession that the cause of action should be dismissed. *See Robertson v. Cty. of Alameda*, No. 15-cv-03416-TEH, 2015 WL 6506966, at *2 (N.D. Cal. Oct. 28, 2015); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210-11, 1210 n.7 (N.D. Cal. 2013). PLM and Glazer's motions to dismiss the fifth cause of action are GRANTED.

## VI. ROSENTHAL ACT

    Only Glazer moves to dismiss the Hundals' Rosenthal Act claims. *See* Glazer Mot. at 15; PLM Reply at 4-5. As with their dual tracking cause of action, the Hundals do not address this cause of action at all in their opposition brief. Glazer's motion to dismiss the sixth cause of action is GRANTED.

## CONCLUSION

    Defendants' motions to dismiss are resolved as stated above. All claims are dismissed with leave to amend, except for the Hundals' request for cancellation of the Trustee's Deed Upon

Sale and reinstatement of their title in the Property, which is dismissed without leave to amend on the ground that further amendment with respect to that issue would be futile.  If the Hundals want to attempt to bring a wrongful foreclosure claim in this case, they must do so under a tort theory.  Eagle Vista is DISMISSED from this action WITH PREJUDICE.  The Hundals shall file their third amended complaint, if any, within 20 days of the date of this Order.

**IT IS SO ORDERED**.

Dated: September 2, 2016



WILLIAM H. ORRICK
United States District Judge