1  WRIGHT, FINLAY & ZAK, LLP
2  Robin Prema Wright, Esq., SBN 150984
   Jennifer A. Brady, Esq., SBN 258626
3  4665 MacArthur Court, Suite 200
4  Newport Beach, CA  92660
   Tel: (949) 477-5050; Fax: (949) 608-9142
5  rwright@wrightlegal.net; jbrady@wrightlegal.net
6
   Attorneys for Defendant, PLM LOAN MANAGEMENT SERVICES, INC.
7  (*erroneously named as* PLM LENDER MANAGEMENT SERVICES LLC)
8
9            **UNITED STATES DISTRICT COURT**
10        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  PREETINDER K. HUNDAL and NISHAN S. HUNDAL, | Case No.: 3:16-cv-01287-WHO |
| 12 | *[The Hon. William H. Orrick]* |
| 13              Plaintiffs, | |
| 14  v. | **NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.** |
| 15  EAGLE VISTA EQUITIES LLC; PLM LENDER MANAGEMENT SERVICES LLC; ALICE GLAZER, AS TRUSTEE OF THE GLAZER IRA AND ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFFS' TITLE THERETO, DOES 1-100, | **[FRCP RULE 12(b)(6)]** |
| | Date:   November 9, 2016 |
| | Time:  2:00 p.m. |
| | Ctrm: 2 (17th Floor) |
| | *[Filed concurrently with Request for Judicial Notice and Proposed Order]* |
| | Complaint Filed:  December 8, 2015 |
| | FAC Filed:  February 19, 2016 |
| | SAC Filed:  June 3, 2016 |
| 25              Defendants. | TAC Filed:  September 14, 2016 |

1

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

**TO THE HONORABLE COURT,  AND T0 ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 9, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant, PLM LOAN MANAGEMENT SERVICES, INC., (*erroneously named as* PLM LENDER MANAGEMENT SERVICES LLC) ("PLM"), will move this Court for an Order dismissing *without leave to amend* the Third Amended Complaint ("TAC") of Plaintiffs PREETINDER K. HUNDAL and NISHAN S. HUNDAL (collectively "Plaintiffs") pursuant to FRCP Rule 12(b)(6) for their failure to state a claim upon which relief can be granted against PLM.

This Motion is made on the grounds that Plaintiffs have not only failed to plead the essential facts which give rise to these claims against PLM--or the claims are barred on their face, as confirmed by matters which may properly be judicially noticed by this Court—but Plaintiffs have utterly failed to cure the defects noted by this Court in granting PLM's prior Motion to Dismiss, specifically, the Court's Orders dated May 23, 2016 and September 2, 2016.

This Motion will be based upon this Notice, the attached memorandum of points and authorities as well as the TAC, the complete files and records in this action, the documents of which this Court is being requested to take judicial notice, the oral argument and such other and further evidence as the Court may deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: September 26, 2016

By: */s/ Jennifer A. Brady*
Jennifer A. Brady, Esq.
Attorneys for Defendant, PLM LOAN
MANAGEMENT SERVICES, INC.

2

# <u>TABLE OF CONTENTS</u>

**Page No.**

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION                                                        1

II.  STATEMENT OF FACTS                                                 1

III.  STANDARD OF REVIEW FOR MOTION TO DISMISS                          4

IV.  ANALYSIS OF CLAIMS                                                 7

1.  Plaintiffs *Still* Misapply the Law Governing Foreclosure Trustees   7
    a.  A Trustee's Duties are Strictly Limited by Statute
       and Contract                                               7
    b.  A Trustee is Entitled to Rely on Information Provided
       by the Servicer or Beneficiary                            10

2.  Plaintiffs' First Claim for Wrongful Foreclosure *Still* Fails      12

3.  Plaintiffs' Second Claim for Breach of Statutory Duties Fails       15

  A. There Was No Violation of §2924k                                16
  B. A Foreclosure Trustee is *Not* Subject to the FDCPA             18

V.  CONCLUSION                                                          21

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

# <u>TABLE OF CONTENTS</u>

**Cases**

*6 Angels, Inc. v. Stuart-Wright Mtge., Inc.*
(2001) 85 Cal.App.4th 1279, 1287 ................................................................. 8

*Alcaraz v. Wachovia Mortg. FSB*
592 F.Supp.2d 1296, 1304 (E.D. Cal. 2009) .................................................. 15

*Amelina v. Manufacturers & Traders Trust Co.*
No. 14-cv-01906, 2015 WL 1138345, at *7 (S.D. Cal. Mar. 12, 2015)................ 19

*Aniel v. T.D. Serv. Co.*
2010 U.S. Dist. LEXIS 92018, 2010 WL 3154087, at *1 .................................... 20

*Arnolds Mgmt. Corp. v. Eischen*
(1984) 158 Cal.App.3d 575, 578 ..................................................................... 14

*Arostegui v. Bank of Am.*
No. 13-cv-06009-PJH, 2014 WL 1230762, at *6 (N.D. Cal. Mar. 21, 2014)....... 19

*Ashcroft v. Iqbal*
565 US __, 129 S.Ct. 1937, 1953 (2009)........................................................... 5

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*
501 U.S. 104, 111 (1991)................................................................................. 6

*Balistreri v. Pacifica Police Department*
901 F.2d 696, 699 (9th Cir. 1990) ................................................................... 4

*Banc of Am. Leasing & Capital, LLC v. 3 Arch Tr. Services, Inc.*
(2009) 180 Cal. App. 4th 1090, 1091 .............................................................. 17

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955, 1965 (2007).................................................................... 4, 5

*Calvo v. HSBC Bank USA, N.A.*
(2011) 199 Cal. App. 4th 118, 121- 123......................................................... 13

*Clegg v. Cult Awareness Network*
18 F.3d. 752, 754-55 (9th Cir. 1994) ............................................................. 5

4

*Conley v. Gibson*
355 U.S. 41, 45-46 (1957) ............................................................... 4

*Cromwell v. Deutsche Bank National Trust Co.*
2012 U.S. Dist. LEXIS 8528 at *5 (N.D. Cal. January 25, 2012)........................ 19

*Dodd v. Citizens Bank of Costa Mesa*
(1990) 222 Cal.App.3rd 1624, 1627 ................................................ 10

*Durning v. First Boston Corp.*
815 F.2d 1265, 1267 (9th Cir.1987)) ................................................ 6

*Edwards v. First Am. Corp.*
(9th Cir. 2015) 798 F.3d 1172, 1179-80 ........................................... 20

*Estate of Blue v. County of Los Angeles*
120 F.3d 982, 984 (9th Cir. 1997) .................................................. 6

*Flores v. EMC Mortg, Co.*
997 F.Supp.2d 1088 at 30-31 (E.D. Cal. 2014) .............................. 11, 14

*Fontenot v. Wells Fargo Bank, N.A.*
(2011) 198 Cal. App. 4th 256, 272 ................................................. 13

FPCI RE–HAB 01 v. E & G Investments, Ltd.
(1989) 207 Cal.App.3d 1018, 1022, 255 Cal.Rptr. 157 ......................... 15

*Garcia v. American Home Mortg. Serv., Inc.*
2011 U.S. Dist. LEXIS 142039, 2011 WL 6141047 at *16 .................... 19

*Garfinkle v. JPMorgan Chase Bank*
2011 U.S. Dist. LEXIS 81054, 2011 WL 3157157 at *3 ........................ 20

*Geist v. OneWest Bank,*
2010 U.S. Dist. LEXIS 113985, 2010 WL 4117504 at *2-3..................... 20

*Gomez v. Wells Fargo Home Mortg.*
2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011) ............................. 18

*Hatch v. Collins*
(1990) 225 Cal.App.3d 1104, 1111-13 ............................................... 8

5

*Holland v. Morse Diesel Intern, Inc.*

(2001) 86 Cal.App.4th 1443, 1447 ............................................................................ 10

*Homestead Sav. v. Darmiento*

(1991) 230 Cal.App.3d 424, 432-433 ........................................................................ 7

*Humboldt Sav. Bank v. McCleverty*

(1911) 161 Cal. 285, 291 ............................................................................................ 15

*I. E. Associates v. Safeco Title Ins. Co.*

(1985) 39 Cal.3d 281, 287-89 ................................................................................. 7, 18

*In re Worcester*

(1987) 811 F.2d 1224, 1231 ....................................................................................... 14

*Ivey v. Board of Regents*

673 F.2d 266, 268 (9th Cir. 1982) ............................................................................... 5

*J.A. Jones, supra*

27 Cal.App.4th at p. 1578 .......................................................................................... 11

*Jara v. Aurora Loan Servs.*

2012 U.S. Dist. LEXIS 2317 at 4-7 (Jan. 9, 2012) .................................................... 21

*Kachlon v. Markowitz*

(2008) 168 Cal.App.4th 316, 333-34 ........................................................................... 9

*Kachlon. supra*, at 342-43 ........................................................................................ 11

*Karlsen v. American 1184 Sav. & Loan Assn.*

(1971) 15 Cal.App.3d 112 ......................................................................................... 14

*Lal v. Am. Home Servicing, Inc.*

680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ........................................................... 19

*Landayan v. Washington Mut. Bank*

2009 U.S. Dist. LEXIS 93308, 2009 WL 3047238, at *3 ......................................... 20

*Mack v. South Bay Beer Distributors*

798 F.2d 1279, 1282 (9th Cir. 1986) ........................................................................... 6

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED**
**COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1  *Marder v. Lopez*
2  450 F.3d 445, 448 (9th Cir. 2006) ............................................................ 6
3  *McCarthy v. Mayo*
4  827 F.2d 1310, 1316 (9th Cir. 1987) ........................................................ 5
5  *Moeller v. Lien*
6  (1994) 25 Cal.App.4th 822, 834 ............................................................... 7
7  *Moeller v. Lien, supra* at 830, 832 ......................................................... 8
8  *Natividad v. Wells Fargo Bank, N.A.*
9  2013 U.S. Dist. LEXIS 74067 at 29, fn.5 .............................................. 21
10 *Pantoja v. Countrywide Home Loans, Inc.*
11 640 F.Supp.2d 1177, 1183-84 (N.D. Cal. 2009) ................................... 15
12 *Parrino v. FHP, Inc.*
13 146 F.3d 699, 706 (9th Cir.1998) .............................................................. 6
14 *Perez v. 222 Sutter Street Partners*
15 (1990) 222 Cal.App.3d 938, 945 ............................................................... 8
16 *Pfeiffer v. Countrywide Home Loans*
17 (2012) 211 Cal.App.4th 1250, 1262-63 ................................................... 21
18 *Pratap v. Wells Fargo Bank, N.A.*
19 2014 WL 3884413, at *8 (N.D. Cal. Aug. 7, 2014) ............................... 18
20 *Robertson v. Dean Witter Reynolds, Inc.*
21 749 F.2d 530, 533-534 (9th Cir. 1984) ..................................................... 4
22 *Rodriguez v. Litton Loan Servicing LP*
23 (2009) No. 09–cv–0029 2009 WL 1326339, at 6 ................................... 15
24 *Schlegel v. Wells Fargo Bank, N.A.*
25 720 F.3d 1204, 1208 (9th Cir. 2013) ....................................................... 19
26 *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*
27 245 F.2d 67, 70 (9th Cir. 1956) ................................................................. 6
28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

*Shah v. County of Los Angeles*
797 F.2d 743, 745 (9th Cir. 1986) ................................................................. 5

*Simmons v. Peavy-Welsh Lumber Co.*
113 F.2d 812, 813 (5th Cir. 1940) ................................................................. 5

*Stephens, Partain & Cunningham v. Hollis*
(1987) 196 Cal. App. 3d 948, 955 ........................................................... 8, 15

*Strutt v. Ontario Sav. & Loan Assn.*
(1972) 28 Cal.App.3d 866, 876 ................................................................... 9

*Student Loan Mktg. Ass'n,*
181 F.R.D 629, 639 (S.D. Cal. 1998) ........................................................... 5

*Sumner Peck Ranch v. Bureau of Reclamation*
823 F.Supp. 715, 720 (E.D. Cal. 1993) ....................................................... 6

*Swartz v. KPMG LLP*
(2007) 476 F.3d 756, 763 ........................................................................... 6

*United States v. Ritchie*
342 F.3d 903, 908 (9th Cir.2003) ................................................................ 6

*Vournas v. Fidelity National Title Ins. Co.*
(1999) 73 Cal.App.4th 668, 677 ................................................................. 7

*Western Mining Council v. Watt*
643 F.2d 618, 624 (9th Cir. 1981) ............................................................... 5

*Yvanova v. New Century Mortgage Corp.*
*No. S218973, 2016 Cal. LEXIS 956 (Feb. 18, 2016* ................................. 13

**Statutes**
11 U.S.C. § 362(d)(4) ................................................................................. 3
15 U.S.C. § 1692a(6). ............................................................................... 19
*Civil Code* § 2924 ...................................................................................... 7
*Civil Code* § 2924(b) ..................................................................... 10,14, 18
*Civil Code* § 2924(d) .................................................................................. 9

8

*Civil Code* § 2924a(1) (4) .................................................................................. 10

*Civil Code* § 2924k .................................................................................. 15, 16

*Civil Code* § 2924k(a) .................................................................................. 17

*Civil Code* § 2934(a)(2). .................................................................................. 14

*Civil Code* §§ 2924 – 2924k .................................................................................. 7

*Civil Code* §§ 2924-2924i .................................................................................. 10

*Civil Code* § 2934 .................................................................................. 13, 14

*Civil Code, § 2936* .................................................................................. 14

*Probate Code* § 16004(a) .................................................................................. 9

**Other Authorities**

Witkin, *op. cit. supra*, Trusts, § 3, pp. 5368-5369 .................................................................................. 9

**Rules**

FRCP Rule 12 .................................................................................. 4

FRCP Rule 12(b)(6) .................................................................................. 4

FRCP Rule 8 .................................................................................. 5

Rule 12(b)(6) .................................................................................. 6

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION:

Plaintiffs' Third Amended Complaint ("TAC") not only fails to cure the defects noted in their First Amended Complaint ("FAC") and Second Amended Complaint ("SAC") but, in several instances, appears to deliberately disregard the Court's May 23, 2016 and September 2, 2016 Orders granting PLM's Motion to Dismiss the FAC and SAC. Specifically, as to the identity of the beneficiary and PLM's status as the foreclosure trustee under the Second Deed of Trust.

This action is Plaintiffs' *third* civil action seeking to avoid their obligations under loans they admittedly obtained and benefitted from[1] and is nothing more than an improper attempt by Plaintiffs PREETINDER K. HUNDAL and NISHAN S. HUNDAL (collectively "Plaintiffs") to avoid the consequences of their uncured default on those loans by raising bad faith challenges to the lawful foreclosure of the subject property. Moreover, although this is also Plaintiffs' *fourth* attempt in this action to state a claim upon which relief can be granted, they once again fall woefully short of the mark.

These claims are especially egregious as against PLM, who was merely the duly appointed foreclosure trustee under the Second Deed of Trust and whose acts and duties are strictly limited by statute and contract. This continued bad faith assertion of claims which Plaintiffs know, or should know, are utterly frivolous (without factual or legal support) cannot be allowed to stand.

## II. STATEMENT OF FACTS:

On or around October 20, 2003, Plaintiffs PREETINDER K. HUNDAL and NISHAN S. HUNDAL ("Plaintiffs") borrowed $450,000.00 from Argent Mortgage Company, LLC ("Argent") securing that transaction with a Deed of Trust ("First DOT") against the property commonly known as 343 Prairie Dog

1

Lane, Fremont, California 94539 (the "Property").  A true and correct copy of the First DOT is attached as Ex. 1 to the concurrently filed Request for Judicial Notice ("RJN").

On or about March 8, 2006, Plaintiffs borrowed an additional $165,000.00 ("Loan") securing that transaction with a Deed of Trust ("Second DOT") against the Property. A true and correct copy of the Second DOT is attached as Ex. 2 to the RJN.  The beneficiary under the Second DOT was identified as Bank of the West as Trustee for the Donald A. Glazer IRA ("Bank of the West"), as reflected by Exhibit "A" to that document.

On or about January 24, 2008, Bank of the West executed a substitution of trustee substituting PLM as the trustee *under the Second DOT* ("SOT 1").  A true and correct copy of the SOT 1 is attached as Ex. 3 to the RJN.

On June 4, 2012, an Assignment of Deed of Trust ("Assignment") was recorded reflecting the transfer of all beneficial interest in the Second DOT from Bank of the West to Alice Glazer, Trustee of the Glazer Living Trust dated 12/30/87 ("Glazer Living Trust").  A true and correct copy of the Assignment is attached hereto as Ex. 4 to the RJN.

Plaintiffs defaulted on their obligations under the Loan and Second DOT, and on January 21, 2015, when Plaintiffs were $365,124.08 in default, PLM, in its capacity as trustee, caused to be recorded a Notice of Default and Election to Sell Under the Deed of Trust ("NOD"). A true and correct copy of the NOD is attached as Ex. 5 to the RJN.

After Plaintiffs failed to cure the default, a Notice of Trustee's Sale ("NOTS") was recorded on April 24, 2015, setting the foreclosure sale for May 20, 2015. A true and correct copy of the NOTS is attached as Ex. 6 to the RJN.

On May 15, 2015, Plaintiffs filed for protection under Chapter 13 of the

---

[1] *See*, PLM's Supplemental Request for Judicial Notice filed on April 27, 2016.

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

U.S. Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Case No. 15-41574-WJL.  On July 31, 2015, the Bankruptcy Court granted the Glazer Living Trust's Motion for Relief From the Automatic Stay, finding that Plaintiffs' Bankruptcy Petition was part of a scheme to hinder, delay, or defraud creditors that involved multiple bankruptcy cases involving the Property pursuant to 11 U.S.C. § 362(d)(4) ("In Rem Relief Order"). A true and correct copy of the In Rem Relief Order is attached as Ex. 7 to the RJN.

On August 5, 2015, the Property was sold at foreclosure.  Defendant Eagle Vista Equities, LLC ("Eagle Vista") acquired the Property and a Trustee's Deed Upon Sale was recorded on August 17, 2015 ("TDUS"). A true and correct copy of the TDUS is attached as Ex. 8 to the RJN.

On December 8, 2015, Plaintiffs filed the instant action in Alameda Superior Court, Case No. HG15795973, against PLM, Eagle Vista, and Alice Glazer as Trustee of the Glazer IRA, alleging causes of action for: 1) Quiet Title; 2) Breach of Contract; 3) Unfair Business Practices; 4) Set Aside Nonjudicial Foreclosure; Trustee's sale; and 5) damages.

On or about January 28, 2016, PLM filed a Declaration of Non-Monetary Status ("DNMS") as to the Complaint, but Plaintiffs filed an Objection on February 19, 2016.  A true and correct copy of the DNMS is attached as Ex. 9 to the RJN.

On or about February 19, 2015, Plaintiffs filed the FAC against PLM, Eagle Vista, and the Glazer Living Trust, but this time alleging causes of action for: 1) Wrongful Foreclosure; 2) Breach of Fiduciary Duty; 3) Violation of the Fair Debt Collection Practices Act ("FDCPA"); 4) Breach of Contract; 5) Dual Tracking; and 6) Violation of the Rosenthal Act.  PLM removed the Action to Federal Court and filed a Motion to Dismiss the FAC, which the Court granted on May 23, 2016, giving Plaintiffs Twenty (20) days leave to Amend. A true and correct copy of the

NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.

1    Court's Order dated May 23, 2016 is attached as Exhibit "10" to the RJN.

2        On or about June 3, 2016, Plaintiff filed their SAC against PLM, Eagle

3    Vista, and the Glazer Living Trust, but this time alleging causes of action for: 1)

4    Wrongful Foreclosure; 2) Breach of State Law Duties; 3) Violation of the

5    FDCPA; 4) Dual Tracking; and 5) Violation of the Rosenthal Act. PLM filed a

6    Motion to Dismiss the SAC, which the Court granted on September 2, 2016,

7    giving Plaintiffs 20 days leave to Amend. A true and correct copy of the Court's

8    Order dated September 2, 2016 is attached as Exhibit "11" to the RJN. Although

9    Plaintiffs filed a Third Amended Complaint ("TAC"), it merely recycles the same

10   allegations that have already been found to be insufficient and petulantly argues

11   that this Court's prior determinations were "wrong."

12       **III.   STANDARD OF REVIEW FOR MOTION TO DISMISS**

13       This is now Plaintiffs' third time to plead their case and once again, the

14   claims against PLM are insufficiently plead. It is well-established that a complaint

15   may be dismissed pursuant to FRCP Rule 12(b)(6) if it appears beyond doubt that

16   plaintiff can prove no set of facts in support of its claim which would entitle him

17   to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Specifically, even though a

18   "short and plain statement" of the claim must be alleged to satisfy FRCP Rule

19   8(a)(2), a complaint may be dismissed as a matter of law under FRCP Rule

20   12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a

21   cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* (1984)749 F.2d

22   530, 533-534; see generally *Balistreri v. Pacifica Police Department*, (9th Cir.

23   1990) 901 F.2d 696, 699. In terms of the latter, "factual allegations must be

24   enough to raise a right to relief above the speculative level" and "more than labels

25   and conclusions, and a formulaic recitation of the elements of a cause of action"

26   must be alleged. *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 554, 555

27   (internal citations omitted). Courts should dismiss any claim "that fails to plead

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1  sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n*,

2  181 F.R.D 629, 639 (S.D. Cal. 1998).

3        Also, where allegations in pleadings and the exhibits thereto conflict, the

4  exhibits control (*Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.

5  Ga. 1940), while a court may not "supply essential allegations of the claim that

6  were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.

7  1982).  Further, when ruling on a motion to dismiss, all well-pled facts in the

8  complaint are deemed true *(Shah v. County of Los Angeles,* (1986) 797 F.2d 743,

9  745); however, conclusory allegations are disregarded. *McCarthy v. Mayo*, 827

10  F.2d 1310, 1316 (9th Cir. 1987). The United States Supreme Court has stated that

11  "formulaic recitation of the elements of a cause of action will not suffice."

12  *Twombly, supra*; *see also Ashcroft v. Iqbal,* (2009) 565 U.S. 662, 678-79. A

13  plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to

14  take advantage of the liberality with which courts otherwise view pleadings.

15  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. Cal. 1981).

16        Thus, the liberality with which courts view pleadings cannot salvage a

17  conclusive claim unsubstantiated by transparent fact. *Id.*  In fact, while Courts

18  consider facts in the complaint as true on a motion to dismiss, they do not "assume

19  the truth of legal conclusions merely because they are in the form of factual

20  allegations." *Id.*  In *Iqbal*, the Supreme Court admonished that *FRCP*, Rule 8

21  "demands more than an unadorned, the-defendant-unlawfully-harmed-me

22  accusation." *Iqbal, supra*. The Court made clear that "threadbare recitals of a

23  cause of action's elements supported by conclusory statements" are insufficient to

24  overcome a motion to dismiss.  *Id.* at 678. Further, "the Court is not required to

25  accept legal conclusions cast in the form of factual allegations if those conclusions

26  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

27  *Network*, 18 F.3d. 752, 754-55 (9th Cir. Cal. 1994).

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

A court also does not have to accept alleged facts as true, when they are contradicted by the exhibits attached to the pleading or matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. Cal. 1956). *See also Swartz v. KPMG LLP*, (2007) 476 F.3d 756, 763. Accordingly, a court may consider matters of public record on a motion to dismiss, and in doing so "does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. Cal. 1986), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (U.S. 1991).

Similarly, the rule in this Circuit is that "court may consider evidence on which the complaint 'necessarily relies' if: 1) the complaint refers to the document; 2) the document is central to the plaintiff's claim; and 3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. Cal. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. Cal. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (*citing Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). Further, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, supra at* 70; *Swartz, supra; see also Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (1997).

Examining the claims for relief asserted in the TAC, it is apparent that the

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

alleged claims for relief addressed below fail to meet the pleading requirements to survive this Motion to Dismiss and, indeed, in some instances, either completely ignore the Court's May 23, 2016 and September 2, 2016 Orders or seek to discredit those orders.

## IV.   ANALYSIS OF CLAIMS:

### 1.   Plaintiffs *Still* Misapply the Law Governing Foreclosure Trustees:

#### a.   A Trustee's Duties are Strictly Limited by Statute and Contract:

As Plaintiffs should have noted from the discussion in PLM's Motions to Dismiss the FAC and the SAC, if not from their own research, the duties of a foreclosure trustee, such as PLM, are strictly limited by the statutory framework in *Civil Code* § 2924 et seq. *Civil Code* §§ 2924 – 2924k provides "the comprehensive statutory framework established to govern non-judicial foreclosure sales" and "is intended to be exhaustive." *See Moeller v. Lien*, (1994) 25 Cal.App.4th 822, 834; *see also Homestead Sav. v. Darmiento*, (1991) 230 Cal.App.3d 424, 432-433.  As noted in *Vournas v. Fidelity National Title Ins. Co.*, (1999) 73 Cal.App.4th 668, 677, the trustee's "only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." These cases merely confirmed the rule previously recognized by the California Supreme Court in *I. E. Associates v. Safeco Title Ins. Co.*, (1985) 39 Cal.3d 281, 287-89:

> The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes.

The California Supreme Court then went on to acknowledge that: "There are, moreover, persuasive policy reasons which militate against a judicial expansion of

7

1   those duties. The nonjudicial foreclosure statutes -- an alternative to judicial

2   foreclosure -- reflect a carefully crafted balancing of the interests of beneficiaries,

3   trustors, and trustees." *Id.* at 288. The Court cautioned that "imposing on the

4   trustee a duty of taking reasonable steps to discover the trustor's current address

5   would bring far more cost and uncertainty into the system." *Id.* at 289. *Accord*

6   *Perez v. 222 Sutter Street Partners*, (1990) 222 Cal.App.3d 938, 945.

7        In *6 Angels, Inc. v. Stuart-Wright Mtge., Inc.*, (2001) 85 Cal.App.4th 1279,

8   1287, the court explained: "The public policy underlying the comprehensive

9   framework governing foreclosure sales is a concern for swift, efficient, and final

10  sales. (*Moeller v. Lien, supra* at 830, 832.) In our view, which we elaborate below,

11  granting relief under the circumstances present here would frustrate, rather than

12  promote, this policy, by adding uncertainty to the finality of foreclosure sales."

13

14       The reason for these rulings is that <u>the trustee under a deed of trust is not a</u>

15  <u>fiduciary and owes no duties to either the trustor or the beneficiary beyond those</u>

16  <u>specified in the statutes.</u> *See Hatch v. Collins*, (1990) 225 Cal.App.3d 1104,

17  1111-13 (emphasis added) (stating that a "trustee therefore, while an agent for

18  both the beneficiary and the trustor, does not stand in a fiduciary relationship to

19  either"); *accord Vournous, supra*. The rule is that a trustee under a deed of trust is

20  **not** considered to be a trustee in the traditional sense of that term. *See Stephens,*

21  *Partain & Cunningham v. Hollis*, (1987) 196 Cal. App. 3d 948, 955:

22       Although commonly called a "trustee," a trustee under a deed of trust

23       is not the kind of trustee identified in former [California] Civil Code
         section 2229. Just as a panda is not an ordinary bear, a trustee of a

24       deed of trust is not an ordinary trustee. "A trustee under a deed of
         trust has neither the powers nor the obligations of a strict trustee; he

25       serves as a kind of common agent for the parties. [Citations.]"

26       (3 Witkin, Summary of Cal. Law (8th ed. 1973) Security

27

28

8

Transactions in Real Property, § 9, p. 1497; see 7 Witkin, *op. cit. supra*, Trusts, § 3, pp. 5368-5369.).[2]

Instead, while an ordinary trustee owes certain fiduciary duties to its principals, the trustee under a deed of trust owes only such duties as are *specifically* set forth by the *Civil Code* or by contract. *I. E. Associates, supra*, at 287-89 (rejecting claim that trustee has any duty to search for the trustor's current address in order to provide him with notice of the sale).

Further, even if the beneficiary is the successful bidder, the purchaser at a foreclosure sale is entitled to keep any profits earned even upon an immediate resale. *Strutt v. Ontario Sav. & Loan Assn.*, (1972) 28 Cal.App.3d 866, 876 (rejecting trustor's claim that he was equitably entitled to the net gain, noting that " it is common knowledge that at forced sales such as a trustee's sale the full potential value of the property being sold is rarely realized. . . .").

Moreover, the Legislature has already determined that trustees should <u>not</u> be subjected to liability for performing its statutory duties. *Civil Code* § 2924(d) provides that the mailing, publishing, delivery, and posting of required notices in connection with the non-judicial foreclosure are all privileged acts and cannot give rise to liability. It is unclear whether the privilege is absolute or qualified, though the cases seem to favor the latter view. *See Kachlon v. Markowitz*, (2008) 168 Cal.App.4[th] 316, 333-34. If it is only qualified, then it can be overcome by a showing of actual malice. There is also some dispute whether this only applies to "'authorized' entities legally entitled and empowered to" record those documents (*i.e.* does it apply to a trustee acting as an agent prior to the recordation of a substitution of trustee); however, the non-judicial foreclosure statutes [*Civil Code*

---

[2] Section 2229 was repealed and restated as *Probate Code* § 16004(a).

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

§§ 2924-2924i] specifically provide that the foreclosure process may be conducted by the "trustee, mortgagee or **beneficiary or any of their authorized agents**" and a person authorized to record the notice of default or the notice of sale includes **"an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."** *Civil Code* § 2924a(1), (4) (emphasis added). *See also Moeller*, *supra* at 822, 830 ("Upon default by the trustor, *the beneficiary* may declare a default and proceed with a nonjudicial foreclosure sale." (Emphasis added).  Any contrary claim has no basis under California law. *See Holland v. - Morse Diesel Intern, Inc.,* (2001) 86 Cal.App.4[th] 1443, 1447; *Dodd v. Citizens Bank of Costa Mesa,* (1990) 222 Cal.App.3rd 1624, 1627.

Here, Plaintiffs have now had numerous opportunities, <u>four times</u> to be exact, to plead that PLM has acted in any manner other than in accordance with its duties under the law and contract, they have failed to do so. It is thus abundantly clear that Plaintiffs cannot overcome this fatal defect. Further, it cannot be shown that PLM acted with malice as PLM was merely relying on direction of the beneficiary. Thus, any acts undertaken by PLM within the scope of its responsibilities and duties as trustee are privileged and contrary to Plaintiffs mistaken belief, they cannot impose new duties upon PLM that are not contemplated by the law.

### b. A Trustee is Entitled to Rely on Information Provided by the Servicer or Beneficiary:

Plaintiffs' TAC once again makes the baseless argument without any authority whatsoever that PLM was "required to make a reasonable investigation regarding the actual defaults claimed" [TAC, ¶ 14]. However, as a further legislative protection for trustees, *Civil Code* § 2924(b) expressly states: "[i]n performing acts required by this article, the trustee shall incur no liability for any

good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Thus, the trustee has no obligation to confirm the accuracy of the creditor's claim regarding the existence and amount of the default, even in the face of a debtor's insistence that no debt is owed. In the recent federal court case of *Flores v. EMC Mortg, Co.,* 997 F.Supp.2d 1088 at 30-31 (E.D. Cal. 2014), the court held that, as to the trustee:

> [
> [The] alleged wrongs are subject to section 2924(b) and (d) immunity.  In the absence of allegations of [trustee's]' malice or other significant wrongdoing, section immunity 2924(d) bars purported claims against [trustee]. No facts support that [trustee] acted in bad faith to erode section 2924(b) protection. There is nothing to suggest that [trustee] exceeded its DOT trustee authority to initiate property foreclosure.  As such, [trustee] is immunized from the complaint's claims.

The beneficiary's "good faith" requirement is not actually a limitation on the protection afforded to the trustee. *See, e.g., Kachlon. supra*, at 342-43 (discussing the 1999 amendment adding the above-quoted provision of § 2924(b)):

> More importantly, the legislative history of the 1999 amendment definitively shows (*see J.A. Jones, supra*, 27 Cal.App.4th at p. 1578) that it was intended as an expansion of the immunity already granted to trustees in a different statute, section 2924f. That statute grants immunity to trustees for any good faith error in stating the proper amount of the unpaid balance in the notice of sale. [footnote omitted] Nothing in the legislative history of the 1999 amendment suggests that it was intended as a limitation on the privilege protection of the 1996 amendment of section 2924. [footnote omitted] We decline to construe the 1999 amendment in a manner inconsistent with the unambiguous legislative intent evidenced by the legislative history. Thus, whatever else the 1999 amendment might mean, it does not affect the privilege protection provided by the 1996 amendment to

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

[the trustee's] recording of the notice of default.

For these reasons, Plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief against PLM.  As such, Plaintiffs' TAC should be dismissed *with* prejudice against PLM.

## 2.   Plaintiffs' First Claim for Wrongful Foreclosure *Still* Fails:

Despite having been told by this Court on two separate occasions that their contention is unsupported by the facts and undisputed documents, Plaintiffs are still making the bad faith argument that they borrowed $165,000 from Associated Real Estate Administrators [TAC, ¶ 3] on p.3 of its September 2, 2016 Order, this Court stated in pertinent part:

> AREA is identified as the trustee in the Second DOT, but it is not identified as the beneficiary or lender... According to the Second DOT, the beneficiary and lender was Bank of the West as Trustee for the Donald A. Glazer IRA ("Bank of the West")." *See,* pg. 2, of the September 9, 2016 Order. The Court further concluded that "on January 24, 2008, Bank of the West executed a Substitution of Trustee substituting PLM in place of AREA as the trustee under the Second DOT.

Thus, Plaintiffs' continued argument that the "substitution of trustee executed by Bank of the West is void," [TAC, ¶ 7] is not only meritless, but made in bad faith given this Court's prior rulings on this issue. *See,* May 23, 2016, and September 2, 2016, Orders. In addition, Plaintiffs also still makes the discredited argument that the TDUS is void because PLM lacked the authority to conduct the trustee's. Plaintiffs' claim fails for at least the following reasons:

As discussed above, the Court has already addressed this issue in its Orders, specifically, that the "judicially noticeable documents in this case establish that Bank of the West *did appoint PLM as trustee* under the Second DOT." *See,* Court's Order, p. 5, ll. 9-11. (Emphasis added). The TAC adds no new facts to

12

1  warrant any different conclusion now and Plaintiffs continued reliance on the

2  faulty arguments raised in the FAC is thus in bad faith.

3       Nonetheless, Plaintiffs still attempt to insist in their TAC that Glazer Living

4  Trust did not have the power to substitute PLM as the foreclosure trustee by

5  falsely claiming that there is no recorded assignment. This rationale is flawed

6  because, first, PLM had *already been appointed* as the trustee by Bank of the

7  West [RJN Ex. 3] <u>before the assignment</u> to the Glazer Living Trust and, second,

8  there is in fact a recorded Assignment from Bank of the West to the Glazer Living

9  Trust here [RJN Ex. 4].  Pursuant to *Civil Code* § 2934 the recording of that

10  Assignment "operates as constructive notice of the contents thereof, to all

11  persons" from the date of the recording. Thus, even if that Assignment had not

12  been included as part of the Motion to Dismiss the FAC, Plaintiffs could not make

13  any legitimate argument that the Glazer Living Trust was not the successor

14  beneficiary under the Second DOT.

15       Plaintiffs compound their bad faith by continuing to insist that the

16  beneficiary under the Second DOT was Associated Real Estate Advisors when

17  this Court has already ruled [RJN Ex. 10] that a review of that document [RJN Ex.

18  2] confirms that the original beneficiary was actually Bank of the West, which

19  later executed the Assignment to the Glazer Living Trust. (*See,* Exhibit 10,

20  Court's May 23, 2016 Order, p. 6, ll. 24-25 and Exhibit 11, Court's September 2,

21  2016 Order, p.2, ll. 10-11).

22       In any event, an Assignment of a Deed of Trust is not required to be

23  recorded under California law. *See, Civil Code*, § 2934; *Calvo v. HSBC Bank*

24  *USA, N.A.* (2011) 199 Cal.App.4th 118, 121- 123, review denied (Jan. 4, 2012);

25  *disapproved on other grounds by Yvanova v. New Century Mortgage Corp., No.*

26  *S218973, 2016 Cal. LEXIS 956 (Feb. 18, 2016), Fontenot v. Wells Fargo Bank,*

27  *N.A.* (2011) 198 Cal.App.4th 256, 272. This is because the transfer of possession

28

13

1  of the promissory note **automatically** carries with it the security (i.e., the deed of

2  trust). *Civil Code* § 2936. Consequently, a recoded assignment merely operates to

3  provide constructive notice of the deed of trust's beneficiary of record. *Civil Code*,

4  § 2934. As a result, Plaintiff's reliance on the "absence of an assignment" (even if

5  there were no recorded assignment) would be erroneous. *See, Fontenot, supra,* at

6  272 (the originating lender "could have easily assigned the promissory note to [an

7  assignee] in an unrecorded document that was not disclosed to Plaintiff[s].").

8  Further, the recording of the SOT 2 "constitutes conclusive evidence of

9  compliance…" *Civil Code* § 2934(a)(2).

10  More specifically, with respect to the claims against PLM, the law is clear that

11  PLM owed no duty to Plaintiffs to verify the beneficiary's or its own authority to

12  sell the Property. *See, Civil Code* § 2924(b); *Flores v. EMC Mortg, Co.,* 997

13  F.Supp.2d 1088 at 30-31 (E.D. Cal. 2014).

14      Additionally, Plaintiffs' failed to allege that they tendered or attempted to

15  tender full payment of the loan amount in their FAC, SAC and once again fail to

16  do so in their TAC. Under California law, in an action to set aside a trustee's sale,

17  a plaintiff must demonstrate that he has made a "valid and viable tender [offer] of

18  payment of the indebtedness." *Karlsen v. American, 1184 Sav. & Loan Assn.,*

19  (1971) 15 Cal.App.3d 112; *Arnolds Mgmt. Corp. v. Eischen,* (1984) 158

20  Cal.App.3d 575, 578 ("[A]n action to set aside a trustee's sale for irregularities in

21  sale notice or procedure should be accompanied by an offer to pay the full amount

22  of the debt for which the property was security.")[3] A plaintiff must (1)

23  demonstrate a willingness to pay and (2) show the ability to pay. *In re Worcester,*

24  (1987) 811 F.2d 1224, 1231. A valid and viable tender offer is the plaintiff's

25  ability to pay back what the plaintiff has received less interest and finance

26  charges. *Alcaraz v. Wachovia Mortg. FSB,* 592 F.Supp.2d 1296, 1304 (E.D. Cal.

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED**
**COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

2009) (citation omitted). However, an offer to pay debt may not be required where it is inequitable. *Pantoja v. Countrywide Home Loans, Inc.* 640 F.Supp.2d 1177, 1183-84 (N.D. Cal. 2009).  *See Humboldt Sav. Bank v. McCleverty,* (1911) 161 Cal. 285, 291; *Rodriguez v. Litton Loan Servicing LP,* (2009) No. 09–cv–0029 2009 WL 1326339, at 6; *Stephens, Partain & Cunningham v. Hollis,* (1987) 196 Cal.App.3d 948.[4]

Accordingly, Plaintiffs' claim fails against PLM and should be dismissed *with* prejudice.

### 3. Plaintiffs' Second Claim for Breach of Statutory Duties Fails:

In a bad faith effort to circumvent the deficiencies this Court noted in their argument that PLM violated *Civil Code* § 2924k, Plaintiffs' TAC seeks to improperly conflate that putative violation with their FDCPA claims, which PLM did not previously challenge in the prior iterations of the complaint [TAC, ¶¶ 25-34].  Indeed, the allegations in Plaintiffs' TAC are nearly identical to the claims made in the SAC, the only difference being that Plaintiffs' included one additional paragraph, which contains *no new factual allegations*, nor any statutory authority. *Compare,* TAC, ¶ 25, ll. 21-28 *with* SAC ¶ 25. Plaintiffs now raise the bizarre argument that "PLM agreed to indemnify Hundal for its misappropriation of the money received, [TAC, ¶ 25, ll. 26-27], without citing to any authority to support their argument. None exists.

///

---

[3] California courts commonly refer to this principle as the "tender rule."
[4] *But see, Alcaraz v. Wachovia Mortg. FSB,* 592 F.Supp.2d at 1302 (E.D. Cal. 2009) (holding that despite the loss of a home, inability to pay a loan does not entitle the plaintiff to injunctive relief). "[T]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE–HAB 01 v. E & G Investments, Ltd.,* (1989) 207 Cal.App.3d 1018, 1022, 255 Cal.Rptr. 157.

1

## A. **There Was No Violation of § 2924k:**

2      California courts have held, as a matter of law, that the trustee under a deed

3  of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as

4  a common agent for the trustor and beneficiary of the deed of trust." *Heritage*

5  *Oaks Partners, supra; accord Perez, supra; I. E. Associates, supra*, at 287: "The

6  rights and powers of trustees in nonjudicial foreclosure proceedings have long

7  been regarded as strictly limited and defined by the contract of the parties and the

8  statutes." Nothing in the statutes, nor the Second DOT, authorized PLM to

9  second-guess the amounts claimed to be due by the Glazer Living Trust, let alone

10  to withhold those funds. Further, as to the surplus funds, Plaintiffs once again fail

11  to include any factual allegations that there were any competing claimants to the

12  surplus funds so as to require PLM to interplead any funds.

13      Plaintiffs nonetheless insist that "PLM had a duty to interplead

14  [$640,100.00] rather then (sic) pay over $440,784.86 to Alice Glazer or her agents

15  to discharge a debt of not more than $165,000.00." TAC, ¶ 25. However,

16  Plaintiffs clearly misunderstand the procedure required by *Civil Code* § 2924k.

17      Under § 2924k, the trustee, after paying the trustee's costs and expenses in

18  conducting the sale, is required to then satisfy the debt to the beneficiary. *Id.* The

19  NOTS recorded immediately prior to the foreclosure sale states that the amount of

20  unpaid balance and other charges is estimated to be approximately $373,147.98.

21  (RJN Ex. 6). The TDUS recorded after the foreclosure sale identifies that the

22  amount of the unpaid debt together with costs was $440,784.86. (RJN Ex. 8).

23  Thus, upon collecting $640,100.00 from the Grantee at the foreclosure sale, PLM

24  had a statutory duty to remit the $440,784.86 to the Glazer Living Trust, and to

25  pay $704.55 for transfer tax, leaving approximately $198,610.59 to be further

26  distributed pursuant to *Civil Code* § 2924k. Therefore, assuming there were no

27  other, more senior claimants, and that they filed a timely application for the funds,

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED**
**COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1  Plaintiffs were entitled to surplus funds of no more than $198,610.59.

2  Inexplicably, Plaintiffs failed and refused to do so; instead insisting that PLM

3  interplead not just the surplus funds but *all the funds* that they claimed the Glazer

4  Living Trust was not entitled to receive.

5      *Civil Code* § 2924k(a) expressly directs the trustee to apply proceeds from

6  the foreclosure sale as follows: (1) first, to pay the trustee's costs and expenses in

7  exercising the power of sale and conducting the sale; (2) next, to satisfy the debt

8  to the beneficiary (lender); (3) next, to the payment of junior creditors in the order

9  of their priority; and (4) the balance, if any, to the trustor (or its successor in

10  interest). Only if there are competing claimants to <u>the surplus funds</u> is the trustee's

11  authorized to sort out the priority and validity of the claims. *Banc of Am. Leasing*

12  *& Capital, LLC v. 3 Arch Tr. Services, Inc.,* (2009) 180 Cal. App. 4th 1090, 1091.

13  As this Court found in its May 23, 2016 Order [*See,* RJN Ex. 10 at p. 7, ll. 23-24]

14  and its September 2, 2016 Order [*See,* RJN Ex. 11 at pgs. 8-9], Plaintiffs' FAC

15  and SAC had not identified any authority in the Second DOT which otherwise

16  requires PLM to interplead the funds. The TAC further compounds this defect by

17  still failing to identify any authority indicating PLM was required to interplead the

18  entirety of the $640,100, and the simple reason is, because no authority exists!

19      "When proceeds remain after the beneficiary's debt is satisfied and all of the

20  trustee's fees and expenses have been paid, unless an interpleader action has been

21  filed, within 30 days of execution of the deed after the foreclosure sale, the trustee

22  is required to send written notice to those persons with recorded interests in the

23  property who would have been entitled to receive a copy of the 'notice of default'

24  pursuant to [section] 2024b, [subdivisions] (b) [and] (c) ... ." (Greenwald &

25  Asimow, Cal. Practice Guide: Real Property Transactions (The Rutter Group

26  2009) ¶ 6:535.14, p. 6-104 (rev. # 1, 2008).) *Banc of Am., supra.*

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED**
**COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

Following the filing of the FAC, Plaintiffs provided PLM with the required claim form and PLM paid Plaintiffs the surplus funds in the amount of $198,610.49, which Plaintiffs concede in their SAC. SAC, ¶ 16. However, Plaintiffs maintain in their TAC that PLM still refuses to explain why it paid the beneficiary $440,784.86, but once again wholly fail to provide any authority to support their claim that PLM is required to provide this information. In reality, the trustee has no obligation, let alone authority, to question the amounts claimed by the beneficiary as owing on the loan. *See, Civil Code* § 2924(b); *I. E. Associates v. Safeco Title Ins. Co.*, (1985) 39 Cal.3d 281, 287-89.

In any event, as discussed above, the TDUS recorded after the foreclosure sale already specifically identifies that the amount of the unpaid debt together with costs was $440,784.86. (*See,* RJN Ex. 8).

## B. A Foreclosure Trustee is *Not* Subject to the FDCPA:

With respect to Plaintiffs' FDCPA claim [which contrary to Plaintiffs' contention, is wholly irrelevant to their statutory duties claim], that "PLM is a debt collector" [TAC, ¶ 27], Plaintiffs' claim fails for at least the following reasons:

To state a claim under the FDCPA, a complaint must allege facts to show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Pratap v. Wells Fargo Bank, N.A.,* 2014 WL 3884413, at *8 (N.D. Cal. Aug. 7, 2014) (citing *Gomez v. Wells Fargo Home Mortg.,* 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011)).

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1   is the collection of any debts, or who regularly collects or attempts to collect,

2   directly or indirectly, debts owed or due or asserted to be owed or due another."

3   15 U.S.C. § 1692a(6). Thus, a complaint must plead "factual content that allows

4   the court to draw the reasonable inference" that Defendants are "debt collectors."

5   *Schlegel v. Wells Fargo Bank, N.A.,* 720 F.3d 1204, 1208 (9th Cir. 2013) (finding

6   that Plaintiff's complaint "fails to provide any factual basis from which we could

7   plausibly infer that the principal purpose of Wells Fargo's business is the

8   collection of debt. "Debt collection that is only a part of a defendant's business is

9   insufficient to state a claim under the FDCPA); *see also, Amelina v.*

10  *Manufacturers & Traders Trust Co.*, No. 14-cv-01906, 2015 WL 1138345, at *7

11  (S.D. Cal. Mar. 12, 2015) (dismissing FDCPA claims for "fail[ure] to allege

12  factual content that allows the court to draw the reasonable inference that

13  defendants are 'debt collectors'") (some internal quotation marks omitted);

14  *Arostegui v. Bank of Am.*, No. 13-cv-06009-PJH, 2014 WL 1230762, at *6 (N.D.

15  Cal. Mar. 21, 2014).

16          The definition of "debt collector" under the FDCPA "does not include the

17  consumer's creditors, a mortgage servicing company, or any assignee of the debt."

18  *Lal v. Am. Home Servicing, Inc.,* 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)

19  (quotation omitted). While the Ninth Circuit has yet to rule on the issue, the

20  majority of Courts have held that the FDCPA does not apply to "lenders or their

21  agents when foreclosing on the lender's security interest under a deed of trust, in a

22  non-judicial foreclosure of property." *Cromwell v. Deutsche Bank National Trust*

23  *Co.*, 2012 U.S. Dist. LEXIS 8528 at *5 (N.D. Cal. January 25, 2012); *see, e.g.,*

24  *Garcia v. American Home Mortg. Serv., Inc.*, 2011 U.S. Dist. LEXIS 142039,

25  2011 WL 6141047 at *16 (N.D. Cal. Dec. 9, 2011) (" [u]nless Plaintiffs allege that

26  Defendants' actions arose out of attempts to collect a debt outside of the normal

27  scope of foreclosure proceedings, Plaintiffs cannot state a claim under the

28

19

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1  FDCPA"); *Garfinkle v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 81054,

2  2011 WL 3157157 at *3 (N.D. Cal. July 26, 2011) (collecting cases for the

3  proposition that foreclosing on a property pursuant to a deed of trust is not a debt

4  collection within the meaning of the FDCPA); *Geist v. OneWest Bank*, 2010 U.S.

5  Dist. LEXIS 113985, 2010 WL 4117504 at *2-3 (N.D. Cal. Oct. 19, 2010)

6  **[6]** (same); *Aniel v. T.D. Serv. Co.,* 2010 U.S. Dist. LEXIS 92018, 2010 WL

7  3154087, at *1 (N.D. Cal. Aug. 9, 2010) (same); *Landayan v. Washington Mut.*

8  *Bank,* 2009 U.S. Dist. LEXIS 93308, 2009 WL 3047238, at *3 (N.D. Cal. Sept.

9  18, 2009).

10  The Court in *Cromwell, supra,* *7, specifically dealt with allegations that

11  the foreclosure trustee violated the FDCPA, however, the Court found that "[s]uch

12  actions do not amount to debt collection because in a non-judicial foreclosure, the

13  lender or its agent is simply foreclosing on the lender's interest in the property as

14  secured by the Deed of Trust." Similarly, the Court in *Garfinkle, supra* * 9 held

15  that the foreclosure trustee, "has not engaged in debt collection activities that

16  bring it under the ambit of the Fair Debt Collection Practices Act. As noted above,

17  giving notice of a foreclosure sale to a consumer does not constitute debt

18  collection activity under the FDCPA... the weight of authority supports that a

19  foreclosure is not a form of debt collection."

20  Here, Plaintiffs make the conclusory allegations in the TAC that "this firm

21  [PLM] used the mail...to collect debts" [TAC, ¶27], but the TAC is utterly devoid

22  of any facts to support that allegation.

23  Further, Plaintiffs' reliance on the CFPB amicus brief is misplaced. As

24  Plaintiffs' Counsel should know, that brief did not and cannot overrule any court

25  decisions interpreting a statute and has no binding effect whatsoever; it is just

26  argument. *See Edwards v. First Am. Corp.,* (9th Cir. 2015) 798 F.3d 1172, 1179-

27  80, holding that no special deference is afforded the CFPB in interpreting an Act

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

1  of Congress or even a regulation incorporating the language of the statute.

2  Plaintiffs' Counsel has unsuccessfully made a similar CFPB based argument over

3  four years ago, not only in *Pfeiffer v. Countrywide Home Loans*, (2012) 211

4  Cal.App.4[th] 1250, 1262-63, but also in *Jara v. Aurora Loan Servs.*, 2012 U.S.

5  Dist. LEXIS 2317 at 4-7 (Jan. 9, 2012) and, again unsuccessfully, the following

6  year in *Natividad v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 74067 at 29,

7  fn.5.

8        Indeed, in its September 2, 2016, Order the Court found these conclusory

9  allegations to be insufficient with respect to Defendant Glazer's challenge to the

10  FDCPA in her prior Motion to Dismiss the SAC [*see,* RJN Exhibit 11, pg. 9] and

11  a side by side comparison of the SAC and TAC show that Plaintiffs' allegations to

12  this effect are essentially identical. Thus, where Plaintiffs' claim failed on the

13  SAC, so does it in their TAC. Accordingly, Plaintiffs' second claim for breach of

14  state law duties [and the FDCPA] fails with regard to PLM, and should be

15  dismissed *with* prejudice.

16                          **V.   CONCLUSION**

17        For the foregoing reasons, PLM respectfully request that the Court grant

18  this Motion to Dismiss as to Plaintiffs' TAC without leave to amend as Plaintiffs

19  have essentially ignored this Court's prior orders on the Motion to Dismiss the

20  FAC and SAC in pleading the TAC. It is now more than clear that no good faith

21  amendment can be made here.  Plaintiffs' continued bad faith conduct should not

22  be encouraged or condoned.

23                                    Respectfully submitted
                                      WRIGHT, FINLAY & ZAK, LLP
24  Dated:  September 26, 2016

25                                    By:*/s/ Jennifer A. Brady*
26                                    Jennifer A. Brady, Esq.
                                      Attorneys for Defendant, PLM LOAN
27                                    MANAGEMENT SERVICES, INC.

28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED
COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.**

# PROOF OF SERVICE

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On September 28, 2016, I served a true copy of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT BY DEFENDANT PLM LOAN MANAGEMENT SERVICES, INC.** on all interested parties in this action as follows:

## SEE SERVICE LIST

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail addresses indicated per the agreement of the parties. To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached

to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2016, at Newport Beach, California.

_____
Margaret Augustyniak

PROOF OF SERVICE

1

## SERVICE LIST

2

### CM/ECF Electronic Service

3

4   Glenn L. Moss
    Ann Murphy
5   Moss & Murphy
6   1297 B Street
    Hayward, CA  94541
7   Tel:  (510) 583-1155
8   Email: m-m@pacbell.net
9   *Attorney for Plaintiffs, Preetinder K. Hudal and Nishan S. Hundal*

10  Frank Sandelmann
11  Dinsmore  & Sandelmann, LLP
    324 Manhattan Beach Blvd #201
12  Manhattan Beach, CA  90266
13  Tel:  (310) 318-1220
    Email:  fsandelmann@lawinmb.com
14

15  Julie M. Holden
    2015 Manhattan Beach Blvd., Ste.100
16  Redondo Beach, CA  90278
17  Tel:  (310) 640-3070 X144
    Email:  jholden@wedgewood-inc.com
18  *Attorney for Defendant, Eagle Vista Equities, LLC*
19

20  Gary Alabaster
    Sapiro Law Firm
21  77 Van Ness Ave #201
22  San Francisco, CA  94102
    Tel:  (415) 771-0100
23  Email: galabaster@sapirolaw.com
24  *Attorney for Defendant, Alice Glazer*

25

26

27

28

PROOF OF SERVICE